## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 14 2020, 7:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scott A. Edwards,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 14, 2020

Court of Appeals Case No.
19A-CR-2216

Appeal from the Vigo Superior Court

The Honorable Sarah K. Mullican, Judge

Trial Court Cause No.
84D03-1901-F3-304

**Mathias, Judge.**

[1]     Scott A. Edwards pleaded guilty in Vigo Superior Court to Level 3 felony aggravated battery and Level 3 felony neglect of a dependent resulting in

serious bodily injury. The trial court sentenced Edwards to an aggregate sentence of twenty-eight years. Edwards appeals and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

During the time relevant to this appeal, Edwards was in a relationship with Holly Cota, who had a fourteen-month-old son, C.B.C. On January 14, 2019, Cota left C.B.C. in Edwards's care while she went to work. While in Edwards's care, C.D.C. suffered a serious injury to his scrotum, causing severe swelling and bruising. Cota again left C.D.C. in Edwards's care the following day. Edwards then cut C.D.C.'s tongue, resulting in a vertical slit that went completely through the tongue, causing severe pain. When she returned home and saw C.D.C.'s tongue, Cota took him to the office of Dr. Daniel Kellar, who observed extensive injuries on the child; in addition to a bruised and swollen scrotum and split tongue, C.D.C. had bruises on his face and body, some of which were inflicted within the past day. Dr. Kellar later stated that C.D.C.'s injuries were the most extensive he had seen in twenty-six years of practicing family medicine.

C.D.C. was taken to the emergency room at the local hospital, then transferred to Riley Children's Hospital in Indianapolis. At Riley, he underwent surgery to repair the injury to his tongue. As a result of the injury, C.D.C.'s tongue is

scarred. Because of the injury, his speech may be impaired, and he is currently enrolled in speech therapy.

[5] On January 24, 2019, the State charged Edwards with Level 3 felony aggravated battery, Level 3 felony battery resulting in serious bodily injury to a person under the age of fourteen, and Level 3 felony neglect of a dependent resulting in serious bodily injury. The State subsequently amended the charging information so that it charged Edwards with Level 3 felony aggravated battery and Level 3 neglect of a dependent resulting in serious bodily injury.

[6] On May 29, 2019, Edwards entered into a plea agreement with the State in which he agreed to plead guilty as charged. The trial court held a guilty plea hearing on the following day and took the plea under advisement. Edwards moved to withdraw his plea on August 22, and the trial court held a hearing on this motion on August 26. The trial court denied the motion and proceeded to sentencing.

[7] At the sentencing hearing, Dr. Kellar testified that the injury to C.D.C.'s tongue was non-accidental and had to have been intentionally inflicted. He also testified that it was highly unlikely the injury to C.D.C.'s scrotum was caused by accident. Specifically, Dr. Kellar testified that C.D.C. would have to have fallen from a significant height and landed with significant force, with his legs apart, on a hard object. Falling from a crib onto a toybox, as Cota claimed, would not have caused C.D.C.'s injuries.

[8] At the conclusion of the sentencing hearing, the trial court found as mitigating that Edwards, as a young child, had witnessed the murder of his father, suffered from PTSD, and suffered from anxiety and depression. The trial court found as aggravating that Edwards had a criminal history, albeit relatively minor; that Edwards was on probation at the time he committed the instant offenses; that the victim was less than two years of age; and the nature and extent of C.D.C.'s injuries. The trial court determined that the aggravating factors outweighed the mitigating factors and sentenced Edwards to consecutive terms of fourteen years of incarceration on each count for an aggregate term of twenty-eight years of incarceration. Edwards now appeals.

## Discussion and Decision

[9] Edwards argues that his twenty-eight-year sentence is inappropriate. Indiana Appellate Rule 7(B) provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Still, we must exercise deference to a trial court's sentencing decision, because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Trainor v. State*, 950 N.E.2d 352, 355–56 (Ind. Ct. App. 2011), *trans. denied*. Thus, although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the

sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[10] Our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224).

[11] Our review under Appellate Rule 7(B) is also "very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The appropriate question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12] Here, Edwards was convicted of two Level 3 felonies. The sentencing range for a Level 3 felony is three to sixteen years, with an advisory sentence of nine

years. Ind. Code § 35-50-2-5(b). Thus, Edwards faced a maximum sentence of thirty-two years.[1] His twenty-eight-year sentence is more than the advisory but less than the maximum. Considering both the nature of Edwards's offense and his character, we cannot say that this sentence is inappropriate.

[13]     The nature of Edwards's offenses is truly heinous. A fourteen-month-old child was placed in Edwards's care, and he abused this position of care in an unthinkable way. Edwards inflicted horrific injuries on C.D.C.: C.D.C.'s tongue was vertically split through, causing him severe pain and difficulty eating and drinking. His speech impairment may be permanent. C.D.C.'s scrotum was severely injured, bruised, and swollen. This also caused the child severe pain, but, thankfully, no permanent injury. C.D.C. has shown signs of psychological trauma as a result of the injuries he suffered. To put it bluntly, there is nothing about the nature of Edwards's offenses that persuades us that his sentence is inappropriate. To the contrary, the nature of the offenses alone is sufficient to justify Edwards's twenty-eight-year sentence.

[14]     Turning to Edwards's character, there is also nothing that convinces us that his sentence is inappropriate. Although he appears to have had a difficult childhood, this does not justify his behavior. And although he pleaded guilty, he denied culpability at the sentencing hearing. Edwards was also not entirely truthful regarding his prior criminal history. He told the trial court at the

---

[1] The limitations imposed on consecutive sentences arising out of a single episode of criminal conduct are inapplicable to Edwards because aggravated battery is a "crime of violence." *See* Ind. Code § 35-50-1-2(a)(7).

sentencing hearing that he had never been "in trouble" before. Tr. p. 89. But the pre-sentence investigation report revealed that he had prior convictions for operating a vehicle while intoxicated and criminal mischief. Edwards was on probation for the latter offense when he committed the instant offenses. Although Edwards's prior criminal history is minor, it does not reflect well on his character.

## Conclusion

[15] Giving due consideration to the trial court's sentencing decision, we are unable to conclude that Edward's twenty-eight-year sentence is inappropriate in light of the brutal nature of Edwards's offenses or his character. We therefore affirm the judgment of the trial court.

[16] Affirmed.

Kirsch, J., and Bailey, J., concur.